# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KRISTY F. JONES,<br>    Plaintiff<br><br>v.<br><br>WACHOVIA BANK, N.A, ACS<br>EDUCATION SERVICES, INC., and<br>CREDIT COLLECTION SERVICES,<br>    Defendants. | )<br>)<br>)<br>) Civil Action File No.<br>)<br>) **JURY TRIAL DEMAND**<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW Plaintiff Kristy F. Jones ("Plaintiff") and, for her Complaint against Wachovia Bank, N.A., ACS Education Services, Inc. and Credit Collection Services (collectively "Defendants"), shows as follows:

## JURISDICTION

1. Plaintiff is a natural person with her personal residence located in the State of Georgia.

2. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1681a(c), 15 U.S.C. § 1692(a)(3) and O.C.G.A. § 10-1-392(6).

3. Defendant Wachovia Bank, N.A. is a foreign corporation registered to do business in Georgia.

1

4.      Defendant Wachovia Bank, N.A. (hereinafter "Wachovia") may be served through its registered agent, Corporation Service Company at 40 Technology Parkway South, Suite 300, Norcross, Georgia, 30092.

5.      Defendant ACS Education Services, Inc. is a foreign corporation registered to do business in Georgia.

6.      Defendant ACS Education Services, Inc. (hereinafter "ACS") may be served through its registered agent, Corporation Service Company at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

7.      Defendants Wachovia and ACS are consumer reporting agencies within the meaning of 15 U.S.C. § 1681(f).

8.      Defendant Credit Collection Services is a foreign corporation that conducts business in Georgia.

9.      Defendant Credit Collection Services (hereinafter "CCS") may be served upon its President, Steve Sands, at 2 Wells Avenue, Newton, MA, 02459.

10.     Defendant CCS is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

11.     Venue is proper pursuant to 28 U.S.C. § 1391(a)(2), as a substantial part of the events or omissions relevant to this action took place in the Northern District of Georgia.

12. Plaintiff took out two student loans through Wachovia in or about (DATES).

13. Plaintiff made regular payments on her student loans, as required by the terms of her agreement.

14. Plaintiff's loan payments were made from her Wachovia checking account using Wachovia's Bill Payment system or through direct payments on the Wachovia or ACS websites.

15. Beginning in January 2009, Plaintiff began to have problems with Defendant Wachovia correctly processing her loan payments.

16. The processing issues related to Plaintiff's loan payments occurred when Wachovia would apply her two separate loan payments as a double payment on just one of the loans.

17. Despite Plaintiff's attempt to correct the problems created by Wachovia in January 2009, Wachovia referred her account to a debt collector (Defendant CCS) who demanded payment for loans she had already made in addition to late fees for payments Plaintiff had made in a timely fashion.

18. Plaintiff ultimately resolved the issue relating to the January 2009 payments and was informed that the information would not be reflected on her credit report.

19. The same processing errors occurred each month Plaintiff made a payment, but on some occasions were easily corrected; Plaintiff had difficulty fixing the

processing errors again in September 2009, December 2009, and February 2010 wherein Defendant Wachovia would apply double payments to one loan and no payments to the second loan.

20.     In the September and December 2009 and February 2010 processing errors, Defendant CCS again attempted to collect on a debt that had already been paid and attempted to collect late fees that were not owed by the Plaintiff.

21.     On March 21, 2010, Wachovia sent Plaintiff correspondence stating that on March 20, 2010 Plaintiffs loans were going to be serviced by Defendant ACS.

22.     On March 21, 2010, Wachovia also sent Plaintiff a letter indicating that she was past due on her account despite the fact that she had made a timely payment to Wachovia.

23.     For each of Wachovia's payment processing errors, Plaintiff contacted Wachovia by phone to inform them of the error, and in each instance Wachovia corrected its error and informed Plaintiff that the erroneous information would not be reported to the credit reporting agencies.

24.     On March 24, 2010, Plaintiff received correspondence from ACS indicating that they were conducting research regarding Plaintiff's concerns about the constant payment processing problems.

25. Despite that, on March 31, 2010, ACS sent Plaintiff a notice indicating that she was past due on her account when she had made a timely payment.

26. In addition, CCS also sent Plaintiff correspondence on March 31, 2010 with yet another collection notice erroneously stating that she was in default on her student loan payments and demanding the payment of a debt that she did not owe.

27. On or around August 1, 2010 Plaintiff attempted to purchase a vehicle and learned for the first time that Wachovia and ACS were erroneously reporting to the credit reporting agencies that she had made late payments.

28. Plaintiff filed disputes with Equifax, Experian and Transunion, yet despite the processing errors caused by Defendants Wachovia and ACS, Defendants Wachovia and ACS have refused to remove the information from her credit report.

29. Defendants Wachovia and ACS caused Plaintiff to have to pay a higher interest rate on her automobile loan due to their refusal to correct her credit report.

30. Out of sheer frustration with having to deal with Defendants' errors and damage to Plaintiff's credit report, Plaintiff made a lump sum early payment of the student loan at issue in September 2010.

31. Defendants have violated the Georgia Fair Business Practices Act ("FBPA") by engaging in unfair and deceptive acts in the conduct of consumer transactions, to wit, attempting to collect a debt that doesn't exist, attempting to charge Plaintiff late

fees due to errors created by the bank, and failing to properly process Plaintiff's financial transactions.

32. Defendants CCS and ACS have violated the Fair Debt Collection Practices Act ("FDCPA") by engaging in false and misleading representations by claiming that Plaintiff was in default on a debt when she was not, and attempting to collect debts that Plaintiff did not owe.

33. Defendants CCS and ACS violated the FBPA by engaging in unfair and deceptive acts in the conduct of consumer transactions, to wit, attempting to collect on a debt that does not exist.

34. Defendants Wachovia and ACS have violated the Fair Credit Reporting Act ("FCRA") by furnishing incorrect information regarding Plaintiff's account to the credit reporting agencies, and failing to remove the erroneous information when Plaintiff filed a dispute.

## COUNT I: FAIR BUSINESS PRACTICES ACT BY DEFENDANTS WACHOIVA BANK, N.A., CREDIT COLLECTION SERVICES, AND ACS EDUCATION SERVICES, INC.

35. Plaintiff incorporates herein by reference the preceding paragraphs of the complaint.

36. It is unlawful to engage in an unfair or deceptive act or practice in the conduct of consumer transactions pursuant to the Georgia Fair Business Practices Act found at O.C.G.A. § 10-1-390.

37. Claiming to have the right to collect on a debt and/or a late fee when no such debt exists and no such fee is owed is an unfair and deceptive act or practice.

38. Defendants CCS, ACS, and Wachovia violated the FBPA by claiming that Plaintiff owed a debt that had been previously paid and attempted to collected unowed late fees in an attempt to illegally obtain funds from Plaintiff.

39. Defendants' violation of the FBPA has resulted in injury to the Plaintiff in an amount to be proven at trial.

## COUNT II: FDCPA – FALSE OR MISLEADING REPRESENTATIONS BY CREDIT COLLECTION SERVICES AND ACS EDUCATION SERVICES, INC.

40. Plaintiff incorporates herein by reference the preceding paragraphs of the complaint.

41. The Fair Debt Collection Practices Act ("FDCPA") imposes specific obligations upon debt collectors to, *inter alia*, not use false, deceptive or misleading representation or means in the collection of a debt.

42. The FDCPA specifically prohibits the false representation of the character, amount or legal status of the debt.

43. CCS and ACS falsely represented the character and amount of debt owed by the Plaintiff in violation of the FDCPA as she made timely payments on her account and was not in default on her debts to Wachovia.

44. As a result of CCS and ACS's violation of the FDCPA, Plaintiff is entitled to statutory relief.

## COUNT III: FCRA AGAINST DEFENDANTS WACHOVIA BANK, N.A. AND ACS EDUCATION SERVICES, INC.

45. Plaintiff incorporates herein by reference the preceding paragraphs of the complaint.

46. The Fair Credit Reporting Act imposes specific obligations upon furnishers of credit information, inter alia, reporting accurate information and correcting inaccurate information when a consumer has filed a dispute.

47. Defendants Wachovia and ACS were placed on notice of the Plaintiff's inaccurate credit information yet refused to correct it.

48. Defendants Wachovia and ACS caused, and continue to cause, Plaintiff harm in her ability to obtain credit financing through their inaccurate reporting.

49. Plaintiff has suffered actual damages as a result of Defendant Wachovia and ACS's actions in inaccurately reporting her account and refusing to correct her account once placed on notice of their inaccurate reporting.

Wherefore, Plaintiff prays for the following relief:

(a) That the Court enter judgment in favor of the Plaintiff and against Defendant in an amount to be determined at trial, including statutory damages, actual damages, punitive damages, as well as, attorney's fees, expenses and costs; and,

(b) That Plaintiff have such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL OF ALL CAUSES OF ACTION**

Respectfully submitted, this 14th day of February, 2011.

                                            Keegan Law Firm, LLC

                                            /s/Marcus G. Keegan
                                            Marcus G. Keegan
                                            Georgia Bar. No. 410424
                                            1418 Dresden Drive
                                            Suite 240
                                            Atlanta, Georgia  30319
                                            (404) 842-0333(Phone)
                                            (404) 920-8176 (Fax)
                                            mkeegan@keeganfirm.com